IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER EUBANKS,

    Petitioner,

v.                              Civil Action No. 5:07cv153
                              Criminal Action No. 5:06CR33-2

UNITED STATES OF AMERICA,    (JUDGE STAMP)

    Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED AS UNTIMELY

### I. INTRODUCTION

On November 27, 2007, the *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] Petitioner then filed two (2) Supplements to his Motion Under 28 U.S.C. § 2255 on December 5 and 13, 2007.[2] On April 8, 2008, petitioner filed a Motion Requesting a Hearing on Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255.[3] This Court sent petitioner a Hill v. Braxton Notice on April 10, 2008.[4] On April 24, 2008, petitioner filed his Response to the Hill v. Braxton Notice.[5] Petitioner filed a Second Motion Requesting a Hearing on Defendant's Motion to Vacate Sentence Under 28 U.S.C. §

---

[1] Docket No. 254

[2] Docket Nos. 255 & 257

[3] Docket No. 278

[4] Docket No. 280

[5] Docket No. 286

1

2255 on May 8, 2008,[6] and a Motion to Expedite Adjudication of Defendant's Claim on June 4, 2008.[7]

## II. FACTS

### A. Conviction and Sentence

On July 28, 2006, petitioner signed a plea agreement by which he agreed to plead guilty to Count 9, aiding and abetting the distribution of coccaine base within 1,000 feet of a protected location in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860, and Title 18, United States Code, Section 2, in the indictment returned in Criminal Action No. 5:06CR33-02. On August 8, 2006 the petitioner entered his plea in open court.

On October 20, 2006, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 63 months imprisonment and 6 years supervised release. Petitioner's Judgment was entered on October 24, 2006.[8]

### B. Appeal

Petitioner did not file a direct appeal.

### C. Federal Habeas Corpus

Petitioner contends that his sentence length is incorrect due to improper calculation of sentencing enhancements.

---

[6]Docket No. 289

[7]Docket No. 293

[8]Docket No. 223

The Government was not ordered to respond because the petition appeared untimely. However, petitioner responded to the <u>Hill v. Braxton</u> notice explaining that his motion should not be dismissed as untimely because:

1) petitioner did not learn of the errors prior to sentencing;

2) the court can grant exceptions when sentencing errors challenge "reasonableness";

3) petitioner's counsel may have been ineffective and petitioner needs time to research this issue;

4) petitioner should not be held to the same standards as an attorney;

5) dismissing because of untimeliness is unreasonable because it is only a "technicality";

6) the underlying sentence is so unreasonable that an exception to the one-year limitation should be made.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA because: petitioner did not learn of the errors prior to sentencing; the court can grant exceptions when sentencing concerns "reasonableness"; petitioner's counsel may have been ineffective and petitioner needs time to research the issue; petitioner should not be held to the same standards as an attorney; untimeliness is only a "technicality"; and the underlying sentence is so unreasonable that an exception to the one-year limitation should be made. In this regard, the petitioner is simply mistaken.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See

Clay v. United States, 537 U.S. 522, 532 (2003). Here, neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. See Fed. R. Ap. P. 4(b)(1)(A)(I), (6). Therefore, the petitioner's conviction became final on November 3, 2006, the date his time for filing a direct appeal expired. Hence, he had until November 3, 2007, to timely file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until November 27, 2007, it is clearly time barred. There is no "mailbox rule" issue because the certificate of service is dated November 25, 2007.

## IV. OTHER MATTERS

A. Petitioner's Motion Requesting a Hearing on Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 is **DENIED** as moot.

B. Petitioner's Second Motion Requesting a Hearing on Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 is **DENIED** as moot.

C. Petitioner's Motion to Expedite Adjudication of Defendant's Claim is **DENIED** as moot.

## V. RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honarable Frederick P. Stamp, Jr. United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 20, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE